UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JENNIFER DIAL a/k/a
JENNIFER STEPHENS;
MINDY MARKOWITZ; and
ROBERT FEEN,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

AMERICAN COLLEGIATE MARKETING, INC.;
and PRIORITY ONE CLEARING SERVICES, LLC,

Defendants.

Case No. 2:22-cv-12282-TGB-APP

HON. Terrence G. Berg
Mag. Anthony P. Patti

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Gregory A. Mitchell (P68723)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Lindsay N. Dangl (P73231)
MURPHY & SPAGNUOLO, P.C.
Attorneys for Defendant American Collegiate Marketing, Inc.
2123 University Park Dr., Ste 130
Okemos, MI 48864
(517) 351-2020
ldangl@mbspclaw.com

Frank S. Hedin Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

# **DEFENDANT AMERICAN COLLEGIATE MARKETING, INC.'S MOTION TO DISMISS**

**NOW COMES** Defendant American Collegiate Marketing, Inc., by and through its attorneys, Lindsay N. Dangl and Murphy & Spagnuolo, P.C., and hereby moves this Court to dismiss Plaintiffs' Complaint because it fails to state a claim against American Collegiate Marketing and because Plaintiffs' claims are time-barred, stating as follows:

1. **Pursuant to FRCP 6(b)(1)(A), on December 14, 2022 counsel confirmed this motion will be opposed.**

2. While Defendant believes MCL 600.5805 applies and bars Plaintiffs' claims pursuant to a three-year statute of limitations, Plaintiffs' claims here are more than six years old.

3. Plaintiffs' First Amended Complaint states that their claims "accrued…prior to…July 31, 2016." First Amended Complaint, FN 2; *See also* First Amended Complaint ¶ 1-4, 5, 7, 11-13, 52-53, 56, 68, 73, 77-79, 80, 92, 98, and 102-104.

4. Plaintiffs' First Amended Complaint naming American Collegiate Marketing, Inc. was not filed until November 1, 2022 – more than six years after the claim accrued – according to Plaintiffs' own allegations.

5. This Court held earlier this year that the six year statute of limitations of Michigan Compiled Laws § 600.5813 applies to the PPPA. *Pratt v KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666 (ED Mich 2022).

6. According to this Court, potential plaintiffs may only bring a claim under the PPPA until six years from "the time the wrong upon which the claim is based was done regardless of the time when the damage results." *Pratt, supra,* at 675 *citing* MCL 600.5827.

7. Plaintiffs admit the statutory period for this action is six years. First Amended Complaint, FN 1.

8. While Defendants believe MCL 600.5813 applies to bar Plaintiffs' claims, even under the more liberal six-year statute of limitations, Plaintiffs' claims are time-barred.

9. Plaintiffs' claims are time-barred under either the three-year or six-year statute of limitations and as such, subject to dismissal under Rule 12(b)(6).

10. Defendant American Collegiate Marketing further relies upon its Brief in Support, incorporated herein by reference.

**WHEREFORE**, Defendant American Collegiate Marketing respectfully requests this Honorable Court dismiss Plaintiffs' claims in their entirety, deny all relief requested by Plaintiffs, grant Defendant costs and attorney fees for having to defend this action, and grant Defendant any other such relief this Court deems just and equitable.

                                              Respectfully Submitted,
                                              MURPHY & SPAGNUOLO, P.C.

Date: December 12, 2022           */s/ Lindsay N. Dangl*
                                              By: Lindsay N. Dangl

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JENNIFER DIAL a/k/a
JENNIFER STEPHENS;
MINDY MARKOWITZ; and
ROBERT FEEN,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

AMERICAN COLLEGIATE MARKETING, INC.;
and PRIORITY ONE CLEARING SERVICES, LLC,

Defendants.

Case No. 2:22-cv-12282-TGB-APP

HON. Terrence G. Berg
Mag. Anthony P. Patti

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Gregory A. Mitchell (P68723)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Lindsay N. Dangl (P73231)
MURPHY & SPAGNUOLO, P.C.
Attorneys for Defendant American
Collegiate Marketing, Inc.
2123 University Park Dr., Ste 130
Okemos, MI 48864
(517) 351-2020
ldangl@mbspclaw.com

Frank S. Hedin Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

# DEFENDANT AMERICAN COLLEGIATE MARKETING, INC.'S
# BRIEF IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

STATEMENT OF ISSUES PRESENTED..................................................... iii

STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY......... iv

INTRODUCTION ............................................................................................ 1

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT .................................................................................................... 4
    I.   Standard of Review……………………………………………….4
    II.  Plaintiffs' Claims are Barred by the Three Year Statute of Limitations of MCL 600.5805(2)…………………………………………...4
    III. Alternatively, Plaintiffs' Claims are Barred by the Six Year Statute of Limitations of MCL 600.5813………………………………….5
    IV. Dismissal with Prejudice is Warranted ………………………….. 6

CONCLUSION ................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Arent v. Hatch*, 349 N.W.2d 536 (Mich. Ct. App. 1984)……………………………….5

*Asset Management One LLC v. U.S. Bank National Association*, 569 F. App'x 438 (6th Cir. 2014)……………………………………………………………………………..6

*Derderian v. Genesys Health Care Systems*, 689 N.W.2d 145 (Mich. Ct. App. 2004)…4

*Moeller v. American Media, Inc.*, 235 F. Supp. 3d 868 (E.D. Mich. 2017)…………….5

*Ott v. Midland-Ross Corp.*, 523 F.2d 1367 (6th Cir. 1975)……………………………..4

*Perlin v. Time Inc.*, 237 F. Supp. 3d 623 (E.D. Mich. 2017)…………………………....5

*Pratt v KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666 (ED Mich 2022)…………...6

**Statutes**

MCL 445.1711, *et seq.* ...................................................................................passim

MCL 600.5805………………………………………………………………….……2

MCL 600.5805(2)……………………………………………………………………..4,5

MCL 600.5813…………………………………………………………….…2, 3, 5, 6

## **STATEMENT OF ISSUES PRESENTED**

1. Whether Plaintiffs' claims under the Michigan Preservation of Personal Privacy Act ("PPPA") are time-barred by the statute of limitations contained in MCL 600.5813.

    Defendant's answer:     YES

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

1. MCL 600.5805

2. MCL 600.5813

3. MCL 600.5827

4. *Pratt v KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666 (ED Mich 2022)

## INTRODUCTION

Plaintiffs' First Amended Complaint was filed on November 1, 2022. Plaintiffs in their First Amended Complaint wrongfully contend that American Collegiate Marketing, Inc. "as far back as the beginning of 2015 and throughout the entire pre-July 31, 2016 time period" "…rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' *CBS Watch!* magazine subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others – including, without limitation, Nextmark, Inc. and Wiland, Inc. – which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies." First Amended Complaint, ¶ 1-2. The allegation is a violation of Michigan's Preservation of Personal Privacy Act, MCL 445.1711, *et seq.* ("PPPA"). Plaintiffs' Complaint contains no specific facts such as who disclosed such information, specifically what information was disclosed, or to who or when the disclosure purportedly occurred. Plaintiffs have simply made conclusory statements and asserted sensationalized rhetoric. None of these actions actually occurred. Regardless, none of the allegations in the First Amended Complaint, even taking the allegations as true, create a timely cause of action. The pleadings alone warrant dismissal.

Although the PPPA does not contain an express statute of limitations, Michigan law is clear that claims grounded in common law torts and personal injury, like those for violation of privacy under PPPA, are subject to a three-year statute of limitations. MCL 600.5805. Contrary to that law, Plaintiffs claim there is a six-year statute of

limitations on these actions citing MCL 600.5813. First Amended Complaint, FN 1. Regardless here, Plaintiffs claims were filed more than six years after they allegedly accrued – and as such on their face are barred by the statute of limitations. Plaintiffs' claims were simply filed too late regardless of which statute of limitations applies, and as such the claims must be dismissed.

Although not a discovery motion, to attempt compliance with the Local Rules, defense counsel did attempt to confer with Plaintiffs' counsel regarding this motion. **Pursuant to FRCP 6(b)(1)(A), on December 14, 2022 counsel confirmed the motion will be opposed.**

## STATEMENT OF FACTS

Plaintiffs' First Amended Complaint was filed on November 1, 2022. Plaintiffs in their First Amended Complaint wrongfully contend that American Collegiate Marketing, Inc. "as far back as the beginning of 2015 and throughout the entire pre-July 31, 2016 time period" "…rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' *CBS Watch!* magazine subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others – including, without limitation, Nextmark, Inc. and Wiland, Inc. – which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies." First Amended Complaint, ¶ 1-2.

The allegation is a violation of Michigan's Preservation of Personal Privacy Act, MCL 445.1711, *et seq.* ("PPPA"). Plaintiffs' Complaint contains no specific facts such as who disclosed such information, specifically what information was disclosed, or to who or when the disclosure purportedly occurred. Plaintiffs have simply made conclusory statements and asserted sensationalized rhetoric. The most that is mentioned is that this information was disclosed to unnamed entities/individuals only described as "data aggregators, data appenders, data cooperatives, and list brokers, among others – including, without limitation Nextmark, Inc. and Wiland, Inc. – which in turn disclosed [Plaintiffs'] information to aggressive advertisers, political organizations, and non-profit companies." First Amended Complaint, ¶ 1. The only entities identified by name at all are Nextmark, Inc. and Wiland, Inc. None of these actions actually occurred. As stated in Defendant's Answer, Defendant did not have any such dealings with these two entities – or anyone else. Still further, as Defendant has responded, none of those named or identified purchased anything from Defendant.

Regardless, none of the allegations in the First Amended Complaint, even taking the allegations as true, create a timely cause of action. Plaintiffs claim these actions took place "as far back as the beginning of 2015 and throughout the entire pre-July 31, 2016 time period." First Amended Complaint ¶ 2. Plaintiffs further allege in their own pleadings that the statute of limitations for these actions is six years citing MCL 600.5813. Even if Plaintiffs are correct, on its face their allegations fail as a matter of law. If the causes of action in this lawsuit "accrued" "prior to…July 31, 2016," (First

Amended Complaint, FN 2) as Plaintiffs have alleged, because this action was not filed until November 1, 2022 – Plaintiffs' claims were filed more than six years after they accrued in violation of the statute of limitations and should properly be dismissed.

## ARGUMENT

### I.  Standard of Review

While Plaintiff's pleadings are deficient for a number of reasons, this Court does not need to reach a conclusion on those issues as Plaintiffs' claims on their face are time barred.  ("[A] complaint can be dismissed as barred by the applicable statute of limitations under Rule 12(b)(6) when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *Ott v Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975).

### II.  Plaintiffs' Claims are Barred by the Three Year Statute of Limitations of MCL 600.5805(2).

Because Plaintiffs' claims are for personal injuries resulting from an invasion of privacy, their claims are subject to the three-year statute of limitations in MCL 600.5805(2).  MCL 600.5805(2) provides in pertinent part, "…the period of limitations is 3 years after the time of the death or injury for *all actions* to recover damages for… injury to a person…" (*emphasis added*). Michigan courts have consistently applied this three-year statute of limitations to common law privacy-based claims. *See, e.g., Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 159-60 (Mich. Ct. App. 2004) (applied to invasion of privacy, false-light claim); *Arent v. Hatch*, 349 N.W.2d

536, 539 (Mich. Ct. App. 1984) (applied to invasion of privacy claim).

Numerous courts have determined that the PPPA finds its origins in and is, by nature, a common law tort of invasion of privacy in the context of reading materials. *See Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'") (citation omitted); *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 641 (E.D. Mich. 2017) ("[T]he right guaranteed by the [PPPA] is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century . . ."). A claim for violation of the PPPA is therefore a claim for an invasion of privacy, which is a common law claim that traditionally sounds in tort. The title of the Act itself, the Preservation of Personal Privacy, along with the Michigan legislature's stated intention in creating the statute, which the introduction states is to "to preserve personal privacy," supports this conclusion.

As Plaintiffs' claims here arise out of and are most akin to the tort of invasion of privacy, the three-year statute of limitations of MCL 600.5805(2) bars Plaintiffs' claims.

### III. Alternatively, Plaintiffs' Claims are Barred by the Six Year Statute of Limitations of MCL 600.5813.

However, alternatively, even if this Court were to find, as Plaintiffs themselves have claimed that instead the six-year statute of limitations found in MCL 600.5813

applies instead, here Plaintiffs' claims are still time barred.

Plaintiffs plead to this Court that their claims in this lawsuit "accrued" "prior to…July 31, 2016" First Amended Complaint, FN 2. Plaintiffs also allege that these claims are subject to a six-year statute of limitations. First Amended Complaint, FN 1. Given that Plaintiffs filed this First Amended Complaint naming American Collegiate Marketing on November 1, 2022, Plaintiffs' claims are time barred.

MCL 600.5813 has been described as the "catchall" statute of limitations stating, "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards…" This Court held in just February of this year that the six year statute of limitations found in MCL 600.5813 applies to claims under the PPPA. *See Pratt v KSE Sportsman Media, Inc.*, 586 F.Supp.3d 666 (ED Mich 2022). Even if this Court were to hold as it has previously, that MCL 600.5813 applies and there is a six-year statute of limitations on causes of action under the PPPA, Plaintiffs' claims here are still outside the statute of limitations and fail as a matter of law.

**IV. Dismissal with Prejudice is Warranted**

As Plaintiffs claims all accrued more than six years prior to the filing of this lawsuit, there is no way for Plaintiffs to remedy the pleadings and dismissal with prejudice is warranted. *See Asset Mgmt. One LLC v U.S. Bank Nat. Ass'n*, 569 F. App'x 438, 443 (6th Cir 2014). Any attempt to amend by Plaintiffs would be futile and Plaintiffs' Complaint should be dismissed with prejudice.

# CONCLUSION

For the foregoing reasons, Defendant American Collegiate Marketing respectfully requests this Honorable Court dismiss Plaintiffs' claims in their entirety, deny all relief requested by Plaintiffs, grant Defendant costs and attorney fees for having to defend this action, and grant Defendant any other such relief this Court deems just and equitable.

                                                          Respectfully Submitted,
                                                          MURPHY & SPAGNUOLO, P.C.

Date: December 14, 2022              */s/ Lindsay N. Dangl*
                                                          By: Lindsay N. Dangl
                                                          Attorneys for Defendant American Collegiate Marketing, Inc.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective addresses disclosed on the pleadings on the 14th day of December 2022 by:

| | |
|---|---|
| ☐ US Mail | ☐ Hand Delivery |
| ☐ Overnight Mail | ☐ Facsimile |
| ☐ Email | X E-File & Serve |

*/s/Desiree Dimick*
Desiree Dimick, Legal Assistant